UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDRE GORE,                          : CIVIL NO: 1:09-CV-00999
                                     :
         Plaintiff                   :
                                     : (Judge Caldwell)
    v.                               :
                                     : (Magistrate Judge Smyser)
FEDERAL BUREAU OF PRISONS and        :
SHEDRICK ROBERTS,                    :
                                     :
         Defendants                  :

**REPORT AND RECOMMENDATION**

FILED
APR 2 2010
PER _____
HARRISBURG, PA  DEPUTY CLERK

The plaintiff, a federal prisoner proceeding *pro se*, commenced this action by filing a complaint in the United States District Court for the District of Columbia. The complaint names as defendants the Federal Bureau of Prisons and Shedrick Roberts, a former corrections officer at the Federal Correctional Institution at Petersburg, Virginia. The complaint contains one count against defendant Federal Bureau of Prisons pursuant to the Federal Tort Claims Act and one *Bivens*[1] count against defendant Roberts. The case was transferred to this court because the plaintiff is incarcerated in the Middle District of Pennsylvania.

---

1. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

On January 8, 2010, defendant Federal Bureau of Prisons filed a motion to dismiss the complaint.[2] On January 25, 2010, a brief in support of the motion to dismiss was filed. The plaintiff has not filed a brief in opposition to the motion to dismiss as required by Local Rule 7.6, Rules of Court, M.D. Pa.

By an Order dated March 4, 2010, the plaintiff was ordered to file a brief in opposition to the motion to dismiss on or before March 22, 2010. The Order of March 4th warned the plaintiff that if he failed to file a brief in opposition, it may be recommended that this action be dismissed pursuant to Fed.R.Civ.P. 41(b), by application of the factors in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

The plaintiff has not filed a brief in opposition to the motion to dismiss as ordered.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action where the plaintiff fails to prosecute

---

2. The motion to dismiss was brought only by defendant Federal Bureau of Prisons. To date, the plaintiff has not provided an address for defendant Roberts such that defendant Roberts can be served with the complaint.

or fails to comply with rules or orders of the court. The plaintiff has failed to prosecute this action and has failed to obey the court's Order of March 4, 2010, and Local Rule 7.6, which requires the filing of an opposition brief. The case should be dismissed pursuant to Fed.R.Civ.P. 41(b).

In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991), the court reversed the district court's dismissal for the *pro se* plaintiff's failure to file a brief in accordance with a local rule of court. The court stated that failure to obey the local rule should not form the basis for dismissal without an analysis of the merits of the case. The court noted that dismissal was not to be ruled out if the party was represented by an attorney and in fact did not oppose the motion. "Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked. Thus, our holding is not broad." 951 F.2d at 30.

In this case, the plaintiff was specifically directed to file a brief in opposition to the motion to dismiss. The plaintiff did not obey either the rule or the Order.

The Third Circuit has applied the same general analysis, using some or all of the six part test enunciated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), in reviewing all orders which deprive a party of the right to proceed with or defend a claim. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990). The *Poulis* factors the court should consider are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.*

The plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis*. The plaintiff's failure to comply with the Order of March 4, 2010, indicates that the plaintiff has abandoned this lawsuit.

Based on the foregoing, it is recommended that the action be dismissed pursuant to Fed.R.Civ.P.41(b), for the

plaintiff's failure to obey Local Rule 7.6 and the Order of March 4, 2010.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: April 2, 2010.

```
                UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDRE GORE,                        : CIVIL NO: 1:09-CV-00999
                                   :
          Plaintiff                :
                                   : (Judge Caldwell)
     v.                            :
                                   : (Magistrate Judge Smyser)
FEDERAL BUREAU OF PRISONS and      :
SHEDRICK ROBERTS,                  :
                                   :
          Defendants               :
```

## NOTICE

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.